UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ELIZABETH CORN, on behalf of herself : 
and all others similarly situated, : 
 : 
                          Plaintiff, :          CLASS ACTION COMPLAINT
 :          AND JURY DEMAND
       -against- : 
 :          No. 21-CV-2823
RECOVERY MANAGEMENT SERVICES, : 
INC., : 
 : 
                          Defendant. : 
_____x

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

### *Preliminary Statement*

1.     This is an action for actual and statutory damages, brought by Plaintiff Elizabeth Corn, on behalf of herself and other similarly situated consumers, against Defendant Recovery Management Services, Inc. ("RMS"). Plaintiff seeks relief for RMS's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and collecting and attempting to collect unlawful costs and fees. Plaintiff also seeks relief for RMS's violations of New York General Business Law § 349 ("GBL § 349"), which prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.

1

## *Jurisdiction and Venue*

2.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claims, and those brought on behalf of the proposed classes defined herein, arise under 15 U.S.C. § 1692, *et seq.*

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since Defendant RMS collects debts and sends collection correspondence here and therefore, the activities giving rise to Plaintiff's cause of action occurred here.

## *Parties*

4.     Plaintiff is a citizen of the State of New York with a permanent residence located within this district.

5.     Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendant sought to collect from her is a consumer debt, allegedly incurred for personal, family or household purposes and allegedly owed to original creditor the University of Arizona.

6.     Defendant RMS is an Illinois corporation registered to do business in the State of New York and with a registered agent located in Albany, New York.

7.     Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA in that it is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8.     Defendant uses instrumentalities of interstate commerce and the mails in pursuit of its business, the principal purpose of which is the collection of debts.

9.     Defendant was hired by the University of Arizona to collect tuition debts and demand excessive fees in connection with its collection efforts.

### Factual Allegations Common to All Counts

10.     In September 2019, Plaintiff Elizabeth Corn was rejected for additional student loans to assist in paying for her continuing college studies at the University of Arizona.

11.     Upon such rejection, Plaintiff Elizabeth Corn, her mother Marissa Corn, and her father Daniel Corn, were searching for additional loan and payment arrangement options with the University of Arizona.

12.     Plaintiff was unable to register for classes and was refused her first-year transcripts, yet Plaintiff and her family continued to try and work with the University's Bursar's office to make payment arrangements to settle the outstanding accumulated charges so that Elizabeth could continue her college education.

13.     In March 2020, due to the COVID-19 pandemic, Plaintiff's mother lost her job and the family's remaining option going forward was to cash out a 401(k) retirement plan to pay the University bill.

14.     On or about May 8, 2020, the University informed Plaintiff it would not offer any flexibility with the payment arrangement and would require a cashier's check for payment in full.  Because they were requesting a 401(k) plan distribution, Daniel Corn advised the University they would be making payment in full of the outstanding charges on Elizabeth's account in the coming days but there

were several steps that needed to be completed to get the funds per the 401(k) plan manager.

15.     On or about May 11, 2020, the University informed Daniel Corn that Elizabeth's account had been transferred to RMS for collections.

16.     On or about May 16, 2020, RMS sent Plaintiff an initial collection letter.  *See* <u>Exhibit A,</u> May 16, 2020 letter.

17.     RMS's letter advised Plaintiff that she owed $21,425.16 in "principal" and $6,399.72 in "collection costs."  *See* <u>Exhibit A</u>.

18.     On or about June 18, 2020, RMS sent Plaintiff a second collection letter.  *See* <u>Exhibit B</u>, June 18, 2020 letter.

19.     RMS's letter advised Plaintiff that she owed a "total due" and "balance" of $27,824.88.  *See* <u>Exhibit B</u>.

20.     Given that Plaintiff knew the University had already assessed late fees on her account prior to sending it to RMS, she questioned the $6,399.72.  After all, RMS had only sent two form collection letters.

21.     On or about August 21, 2020, RMS responded to Plaintiff's request for debt validation.  RMS informed Plaintiff that her balance was $27,831.28, different from the amounts sought in the May and June 2020 letters, and enclosed an accounting from the University.

22.     RMS's May and June 2020 letters did not indicate the balance would increase over time if payment was not made promptly but the University's

accounting Plaintiff in RMS's validation response included an even higher "RMS Collection Fee" of $6,406.12.

23.     The University's accounting included a myriad of "past due balance charges," in addition to the "RMS Collection Fee" of $6,406.12.

24.     Plaintiff and her father Daniel attempted to negotiate the RMS collection cost or fee to no avail.  RMS never provided a breakdown of what comprised its cost or fee, but it appears to be approximately 30% of the outstanding University balance, including late fees.

25.     Because the University refused to allow Plaintiff to enroll in classes or receive her transcripts, Plaintiff's family was forced to pay the balance in full, including the unlawful fees and costs, under duress to the University of Arizona.

### *Class Allegations*

26.     Plaintiff seeks relief on behalf of herself two classes of similarly situated consumers.

27.     Class A is defined as:

> (a) All New York consumers to whom RMS sent a letter, (b) seeking to collect collection "costs" of approximately 30% or more in addition to alleged unpaid charges due to the University of Arizona that were not previously authorized, (c) in the year prior to the filing of this Complaint, (d) in a form letter substantially similar or materially identical to the form of the May 16, 2020 initial letter (<u>Exhibit A</u>) sent to Plaintiff, and (e) which letter was not returned by the postal service as undeliverable.

28.     Class B is defined as:

> (a) All New York consumers to whom RMS sent a letter, (b) seeking to collect collection "costs" of approximately 30% or more in addition to alleged unpaid charges due to the University of Arizona that were not previously authorized, (c) in the three years prior to the filing of this

Complaint, (d) in a form letter substantially similar or materially identical to the form of the May 16, 2020 initial letter (<u>Exhibit A</u>) sent to Plaintiff, (e) which letter was not returned by the postal service as undeliverable, and (f) who paid any portion of the collection "costs" being collected by RMS.

29.     To the extent discovery reveals a more appropriate class definition, Plaintiff will seek leave of court to so amend or shall file the proper motion under Fed. R. Civ. P. 23.

30.     The classes as plead are so numerous that joinder of all members is impractical. RMS's collection cost or fee with the University of Arizona appears to be percentage-based and accordingly, would be uniformly applied to all collection accounts. Moreover, according to its website, RMS holds itself out as having specific expertise in "Higher Education Collection," and therefore, it is reasonable to infer that RMS's form letter at issue was sent to well over the forty-person threshold upon which classes are deemed appropriately numerous.

31.     There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The principal question at issue is whether RMS violated §§ 1692e and f of the FDCPA and GBL § 349 by attempting to collect and, in some cases, collecting, unlawful collection costs or fees that bear no reasonable relation to the University's retention of RMS or work performed. The University's agreement with its students states that it may, "use outside collection agencies, report to credit bureaus, and assess **related fees**." (emphasis added).

32.     Plaintiff's claims are typical of the class members' claims because they arise from the same operative facts (the sending of a materially identical letter) and are predicated on the same legal theories (the false and misleading nature of RMS's assessment of collection "costs" and the unfair practice of demanding same when such fees have not been earned or incurred).

33.     There are no individual questions of fact, other than whether a class member received an offending letter and payments made for purposes of calculating actual damages, a question that can be determined by a ministerial inspection of RMS's records.

34.     Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff is committed to vigorously prosecuting this matter, has agreed to serve as a class representative, and has retained counsel experienced in handling class actions and claims involving unlawful debt collection practices.  Neither Plaintiff nor her counsel have any interests that might cause them to not vigorously pursue this claim on behalf of the class.

35.     This action should be maintained as a class action as the prosecution of separate actions by individual class members creates a substantial risk of inconsistent or varying adjudications and could establish incompatible standards of debt collector conduct.  Furthermore, the prosecution of separate actions could result in adjudications of individual member claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

36.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA is $1,000. Management of the class claims in this case is likely to present significantly fewer difficulties than those presented in many other class cases and the identities of individual class members may be easily obtained from Defendant's records.

<u>COUNT I</u>
*Violations of the Fair Debt Collection Practices Act*
*15 U.S.C. § 1692e*

37.     Plaintiff hereby restates, realleges, and incorporates herein by all foregoing paragraphs as if set forth fully in this Count.

38.     This Count is brought by Plaintiff, individually and on behalf of the classes defined above.

39.     Section 1692e prohibits debt collectors from using false or misleading misrepresentations or means in their efforts to collect consumer debts.

40.     Section 1692e(2) specifically prohibits, "The false representation of -- (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

41.     Section 1692e(10) specifically prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt."

42.     RMS violated §§ 1692e, e(2), e(2)(B), and e(10) in the form of its collection letter attached as <u>Exhibit A</u> hereto by misrepresenting the add-on collection fees as a cost.

43.     RMS violated § 1692e, e(2)(B), and e(10) in the form of its collection letter attached as <u>Exhibit A</u> hereto by mischaracterizing or misrepresenting its authorized compensation amount.

44.     RMS violated § 1692e, e(2), e(2)(B), and e(10) in the form of its collection letter attached as <u>Exhibit A</u> hereto by asserting unreasonable and unauthorized collection costs that bear no reasonable relation to the actual costs of collection when the underlying Student-University agreement does not disclose the extent of the penalty or itemize the amount.

45.     RMS's practice and conduct described herein damaged Plaintiff and the class members.  RMS told Plaintiff and the class members they were required to pay unreasonable and unauthorized collection costs to be deemed current.  In some cases, like Plaintiff's, those represented costs were paid under duress, representing out-of-pocket losses to Plaintiff and the members of Class B.  In all cases, RMS imposed an additional purported indebtedness in contravention of contract and the law, leading to derogatory credit reporting and additional collection activities. These damages represent specific, identifiable, and concrete harms suffered by Plaintiff and the class members and moreover, Plaintiff and the class members suffered a concrete and particularized injury traceable to RMS's conduct violating § 1692e, which can be redressed by judicial decision.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and on behalf of the proposed classes and against Defendant Recovery Management Services, Inc. and award damages as follows:

(A)    An order certifying that the First Cause of Action may be maintained as a class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class members as previously set forth and defined above

(B)    Actual and statutory damages under the FDCPA, 15 U.S.C. § 1692k;

(C)    Reasonable attorneys' fees, litigation expenses, and costs incurred in bringing this action; and

(D)    Any other relief this Court deems appropriate and just under the circumstances.

<u>COUNT II</u>
*Violations of the Fair Debt Collection Practices Act*
*15 U.S.C. § 1692f*

46.    Plaintiff hereby restates, realleges, and incorporates herein by all foregoing paragraphs as if set forth fully in this Count.

47.    This Count is brought by Plaintiff, individually and on behalf of the classes defined above.

48.    Section 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  This includes, "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

49.    RMS violated §§ 1692f and f(1) in the form of its collection letters attached as <u>Exhibit A</u> hereto by seeking to collect and in some cases, collecting,

charges incidental to the principal obligation in excess of the authorized and permitted amount.

50.    It is also unfair and unconscionable to falsely represent the amount of compensation which can be lawfully received for collection services.

51.    RMS's practice and conduct described herein damaged Plaintiff and the class members.  RMS sought to collect unreasonable and unauthorized collection costs from Plaintiff and the class members.  In some cases, like Plaintiff's, those represented costs were paid under duress, representing out-of-pocket losses to Class B.  In all cases, RMS imposed an additional purported indebtedness in contravention of contract and the law, leading to derogatory credit reporting and additional collection activities.  These damages represent specific, identifiable, and concrete harms suffered by Plaintiff and the class members and moreover, Plaintiff and the class members suffered a concrete and particularized injury traceable to RMS's conduct violating § 1692f, which can be redressed by judicial decision.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and on behalf of the proposed classes and against Defendant Recovery Management Services, Inc. and award damages as follows:

(A)    An order certifying that the Second Cause of Action may be maintained as a class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class members as previously set forth and defined above

(B)    Actual and statutory damages under the FDCPA, 15 U.S.C. § 1692k;

(C)    Reasonable attorneys' fees, litigation expenses, and costs incurred in bringing this action; and

(D)     Any other relief this Court deems appropriate and just under the circumstances.

## COUNT III
### *Violations of New York General Business Law § 349*

52.     Plaintiff hereby restates, realleges, and incorporates herein by all foregoing paragraphs as if set forth fully in this Count.

53.     This Count is brought by Plaintiff, individually and on behalf of the classes defined above.

54.     Under New York General Business Law ("GBL") § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

55.     Defendant's preparation and use of letters demanding the payment of unlawful "costs" and collection of unlawful "costs is a deceptive act.

56.     Because of Defendant's deceptive acts, Plaintiff and the members of Class A were subjected to an additional purported indebtedness.

57.     Because of Defendant's deceptive acts, Plaintiff and the members of Class B were forced to pay unlawful "costs" or lose their ability to enroll in classes or receive their transcripts.

58.     As a result of Defendant's acts, Plaintiff became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear.

59.     By and through its acts, omissions, concealments, and misrepresentations, Defendant violated GBL § 349 with materially misleading and

consumer-oriented deceptive acts and practices, with a broad impact on consumers at large, and have done so knowingly or willfully.

60.     Defendant's actions constitute egregious acts justifying the imposition of punitive damages.

61.     Defendant's collection actions complained of herein, include sending written communications to consumers that make false, deceptive, and misleading representations concerning the character, amount, or legal status of those debts, constitutes a deceptive business practice in violation of GBL § 349.

62.     Defendant's collection actions complained of herein, include sending written communications to consumers that make false, deceptive, and misleading representations concerning the services rendered or compensation which may be lawfully received by Defendant for the collection of those debts, which constitutes a deceptive business practice in violation of GBL § 349.

63.     The Defendant's collection actions complained of herein, also include the collection and attempted collection of amounts from consumers that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law, and Defendant made false, deceptive, and misleading representations to consumers that Defendant is legally entitled to collect these additional amounts of money, which constitute deceptive business practices in violation of GBL § 349.

64.     Defendant engaged in deceptive acts and practices, in violation of GBL § 349 by collecting, and attempting to collect, additional monies from consumers they were not legally or contractually entitled to collect.

65.     The Defendant's actions complained of herein were committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of GBL § 349 independent of whether it also constituted a violation of any other law.

66.     The Defendant's actions complained of herein are consumer-oriented, involving deceptive representations made in form/standardized correspondence with large numbers of consumers. The violations alleged herein are recurring and have a broad impact upon the public.

67.     Indeed, although Plaintiff cannot say with certitude exactly how many such deceptive form letters were sent over the past three years, it is virtually certain to be in the hundreds, if not thousands.

68.     Plaintiff is informed and believes, and on that basis alleges that Defendant's collection letters in the form attached hereto as Exhibit A, which makes false and deceptive representations, coupled with Defendant's collection of monies to which it has no legal or contractual entitlement to collect from consumers, is part of a policy and practice that is designed and has the effect of unlawfully increasing Defendant's profits.

69.     Defendant's deceptive acts, by their nature, involve material misrepresentations of the amounts chargeable to the accounts that Defendant is attempting to collect.

70.     Defendant engaged in such conduct in the course of trade and commerce.

71.     Defendant knowingly and/or recklessly disregarded the unlawful nature of the debts it sought to collect from Plaintiff and other similarly situated consumers in the State of New York.

72.     As a result of Defendant's violations of NY GBL § 349, Plaintiff and the class members have suffered actual and statutory damages, attorney's fees, and costs as a result of these violations.

73.     Defendant's collection of unlawful "costs" constitutes an egregious act justifying the imposition of punitive damages.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and on behalf of the proposed classes and against Defendant Recovery Management Services, Inc. and award damages as follows:

(A)     An order certifying that the Third Cause of Action may be maintained as a class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class members as previously set forth and defined above;

(B)     An award of actual damages or $50.00 whichever is greater, and treble damages up to $1000.00, to Plaintiff and each class member under GBL § 349(h);

(C)     An award of punitive damages;

(D)     Declaratory relief adjudging that the Defendant's written collection communications, in the form attached hereto as <u>Exhibit A</u>, violate GBL § 349(h);

(E)     Declaratory relief adjudging that the Defendant's collection of "costs" violates GBL § 349(h);

(F)     Injunctive relief enjoining the Defendant from engaging in the unlawfully deceptive acts complained of herein including, but not limited to, collecting "costs" from consumers that are incidental to their alleged principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law, and sending written collection communications, in the forms attached hereto as <u>Exhibit A</u>;

(G)     Attorney fees, litigation expenses, and costs under GBL § 349(h); and

(H)     Awarding such other and further relief as may be just and proper.

## Jury Demand

74.     Please take notice that Plaintiff demands trial by jury in this action.

Dated:          April 1, 2021

Respectfully submitted,

By: <u>/s/ Brian L. Bromberg</u>
        Brian L. Bromberg
        One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff</u>

Brian L. Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, New York 11225
(212) 248-7906
brian@bromberglawoffice.com
joshua@bromberglawoffice.com

Stacy M. Bardo (*pro hac vice* admission forthcoming)
Bardo Law, P.C.

22 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 219-6980
stacy@bardolawpc.com

### DOCUMENT PRESERVATION DEMAND

     Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the events described herein.  If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials.


               By: /s/ Brian L. Bromberg
               One of Plaintiff's Attorneys