UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH CORN, on behalf herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  -against-<br><br>RECOVERY MANAGEMENT SERVICES, INC.<br><br>        Defendant. | Docket No: 7:21-cv-02823-NSR<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant, RECOVERY MANAGEMENT SERVICES, INC., ("RMS") by and through its attorney, Han Sheng Beh, of Hinshaw & Culbertson LLP, in answer to Plaintiff's Class Action Complaint, states as follows:

**Preliminary Statement**

1. Admitted that Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law §349 ("GBL §349"). In further answering, RMS denies it violated the FDCPA and denies it violated the GBL §349. RMS denies that Plaintiff or any putative class have incurred any damages.

**Jurisdiction and Venue**

2. Defendant admits that this Court generally has jurisdiction over claims arising under 28 U.S.C.§§1331 and 15 U.S.C. §1692, but Defendant denies Plaintiff has any such claims. Defendant denies any remaining allegations in this paragraph.

3. RMS does not contest venue in this case.

**Parties**

4. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint; therefore, RMS denies paragraph 4 of Plaintiff's Complaint.

5. RMS admits that it was referred an account owed to University of Arizona for Plaintiff and in further answering, RMS denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in this paragraph.

7. Defendant admits that for some purposes it acts as a debt collector as defined in the FDCPA and in further answering, RMS denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint.

8. Defendant admits that in certain circumstances it sends mail and in further answering RMS denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9. Defendant admits only that an account in the name of Plaintiff was referred to it by University of Arizona and in further answering denies the remaining allegations contained in this paragraph.

**Factual Allegations Common to All Counts**

10. RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in this paragraph.

17. Defendant admits that under "principal" the letter states $21,425.16 and under "collection costs" the letter states $6399.72. Defendant denies any remaining allegations to the extent they are inconsistent with the language in the letter.

18. Defendant admits sending Plaintiff a letter on or about June 18, 2020 and in further answering denies there is an Exhibit B attached hereto.

19. Defendant denies there is an Exhibit B hereto. Defendant states that the letter speaks for itself and denies any inconsistent allegations.

20. As to what Plaintiff believed, RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations. RMS admits sending Plaintiff letters and denies any remaining allegations.

21. Defendant admits sending Plaintiff a letter on or about August 21, 2020 with requested documentation, states that the letter speaks for itself and denies any allegations to the extent that they are inconsistent with the letter and its enclosures.

22. Defendant states that the letter speaks for itself and that the amounts sought were permitted by the agreement creating Plaintiff's financial obligation. Defendant denies the remaining allegations contained in this paragraph.

23. Defendant states that the letter speaks for itself and that the amounts sought were permitted by the agreement creating Plaintiff's financial obligation. Defendant denies the remaining allegations contained in this paragraph.

24. Defendant denies Plaintiff's characterization and according denies this paragraph. Defendant further states that the amounts sought were permitted by the agreement creating Plaintiff's financial obligation.

25. Defendant denies the allegations contained in this paragraph.

### Class Allegations

26. Defendant admits that Plaintiff attempts to represent a class and in further answering denies a class exists or that one should be certified.

27. Defendant denies the allegations contained in this paragraph.

28. Defendant denies the allegations contained in this paragraph.

29. Defendant denies that paragraph 29 contains an allegation to which a response is required. To the extent a response is required Defendant denies that a class exists or should be certified.

30. Defendant denies the allegations contained in this paragraph.

31. Defendant denies sentences 1 and 2 in this paragraph. As to sentence 3, RMS denies knowledge and information sufficient to form a belief as to the truth of the allegations in sentence 3 of paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in this paragraph.

33. Defendant denies the allegations contained in this paragraph.

34. Defendant denies the allegations contained in this paragraph.

35. Defendant denies the allegations contained in this paragraph.

36. Defendant denies the allegations contained in this paragraph.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692e*

37. For its answer to paragraph 37 defendant restates and realleges its answers to paragraphs 1-36 as if fully set forth herein.

38. Defendant admits that plaintiff styles this as a class action, however, defendant denies that any class exists or should be certified.

39. Defendant admits only that plaintiff paraphrases the FDCPA, denies plaintiff fully sets forth the law under §1692e and denies any violation of §1692e.

40. Defendant admits that paragraph 40 quotes §1692e(2) and denies any remaining allegations.

41. Defendant admits that paragraph 41 quotes §1692e(10) and denies any remaining allegations.

42. Defendant denies the allegations contained in this paragraph.

43. Defendant denies the allegations contained in this paragraph.

44. Defendant denies the allegations contained in this paragraph.

45. Defendant denies the allegations contained in this paragraph.

## COUNT II
### *Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692f*

46. For its answer to paragraph 46 defendant restates and realleges its answers to paragraphs 1-45 as if fully set forth herein.

1042428\308487174.v1

47. Defendant admits that plaintiff styles this as a class action, however, defendant denies that any class exists or should be certified.

48. Defendant admits that paragraph 48 quotes §1692f and denies any remaining allegations.

49. Defendant denies the allegations contained in this paragraph.

50. Defendant denies the allegations contained in this paragraph.

51. Defendant denies the allegations contained in this paragraph.

### COUNT III
*Violations of New York General Business Law § 349*

52. For its answer to paragraph 52 defendant restates and realleges its answers to paragraphs 1-51 as if fully set forth herein.

53. Defendant admits that plaintiff styles this as a class action, however, defendant denies that any class exists or should be certified.

54. Defendant objects to the allegations in paragraph 54 of the Complaint because it fails to state any facts and is instead a conclusion of law to which no response is necessary. To the extent the allegations in this paragraph purport to state any facts in support of Plaintiff's claims, they are denied.

55. Defendant denies the allegations contained in this paragraph.

56. Defendant denies the allegations contained in this paragraph.

57. Defendant denies the allegations contained in this paragraph.

58. Defendant denies the allegations contained in this paragraph.

59. Defendant denies the allegations contained in this paragraph.

60. Defendant denies the allegations contained in this paragraph.

61. Defendant denies the allegations contained in this paragraph.

1042428\308487174.v1

62. Defendant denies the allegations contained in this paragraph.

63. Defendant denies the allegations contained in this paragraph.

64. Defendant denies the allegations contained in this paragraph.

65. Defendant denies the allegations contained in this paragraph.

66. Defendant denies the allegations contained in this paragraph.

67. Defendant denies the allegations contained in this paragraph.

68. Defendant denies the allegations contained in this paragraph.

69. Defendant denies the allegations contained in this paragraph.

70. Defendant denies the allegations contained in this paragraph.

71. Defendant denies the allegations contained in this paragraph.

72. Defendant denies the allegations contained in this paragraph.

73. Defendant denies the allegations contained in this paragraph.

**PRAYER FOR RELIEF**

Denies that Plaintiff is entitled to the relief in the WHEREFORE clause and each subpart thereto.

**JURY DEMAND**

74. The statement in paragraph 74 of the Complaint is precatory in nature and does not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant has no civil liability under the FDCPA, as any violation was an unintentional, *bona fide* error and occurred despite the maintenance of procedures reasonably adapted to avoid such violation.

## THIRD AFFIRMATIVE DEFENSE

No act or omission of Defendant, which act or omission Defendant denies, rises to the level of reckless, willful, wanton, intentional, knowing, and/or malice, and/or was the result of a bona fide error pursuant to FDCPA, 15 U.S.C. §1692, *et. al*. therefore, Defendant did not have the requisite intent. To the extent that any statutory violation occurred, which violation that Defendant expressly deny, the violation was unintentional and the result of a bona fide error, notwithstanding the maintenance of procedures reasonable adapted to avoid such errors, which Defendant expressly deny the existence of such errors.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of lack of standing to some, if not all, of Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff sustained any actual damages, whether economic or noneconomic, as the result of any actions or omissions of Defendant. To the extent Plaintiff suffered any actual damages, which Defendant denies, Plaintiff could have, by reasonable effort, mitigated the damages alleged, but Plaintiff failed to do so. Thus, the extent of the Plaintiff's damages, if any, should be reduced by the amount that Plaintiff could have reasonably mitigated them by proper action and by the amount, if any, that Plaintiff actually has mitigated.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant further asserts that an award of statutory damages in absence of any actual damages would be a denial of its right to due process under state and federal law.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant denies that it is liable to Plaintiff for any statutory damages but pleads, in the alternative, that if any statutory damages are awarded in this matter that the statutory damages *may not exceed, in accordance with federal law, a total of $1,000 in this lawsuit,* regardless of the number of purported FDCPA violations alleged or proven by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part and/or Plaintiff's recovery is limited, in whole or in part, by the conduct of one or more third parties, including but not limited to any intentional and/or negligent actions or omissions.

**NINTH AFFIRMATIVE DEFENSE**

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations or entities beyond the control or supervision of Defendant, or for whom Defendant is not responsible or liable.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to allege that Defendant engaged in any deceptive conduct, misled her in a material way or engaged in conduct that has a widespread effect on consumers so as to support her claim under New York General Business Law §349.

Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** Defendant RECOVERY MANAGEMENT SERVICES, INC. respectfully requests that the Court enter an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits; and

2. Awarding Defendant its attorneys' fees and such other and further relief as the Court deems just and equitable.

Dated: New York, New York
July 1, 2021

        HINSHAW & CULBERTSON LLP
        *Attorneys for Defendant*
        RECOVERY MANAGEMENT SERVICES, INC.

        By: *s/Han Sheng Beh*
            Han Sheng Beh, Esq.

        800 Third Avenue, 13th Floor
        New York, New York 10022
        Tel: (212) 471-6200
        Fax: (212) 935-1166
        Email: hbeh@hinshawlaw.com

To:  All Counsel of Record (via ECF)

1042428\308487174.v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH CORN, on behalf herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    -against-<br><br>RECOVERY MANAGEMENT SERVICES, INC.<br><br>        Defendant. | Docket No.   7:21-cv-02823-NSR<br><br>**CERTIFICATE OF SERVICE** |

      The undersigned certifies that on July 1, 2021 **Defendant's Answer to Plaintiff's Class Action Complaint** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

*Attorneys for Plaintiff(s)*
Brian L. Bromberg
Joshua Tarrant-Windt
BROMBERG LAW OFFICE, P.C.
352 Rutland Road #1
Brooklyn, New York 11225
(212) 248-7906
brian@bromberglawoffice.com
joshua@bromberglawoffice.com

Stacy M. Bardo
(*Pro Hac Vice a*dmission forthcoming)
BARDO LAW, P.C.
22 West Washington Street, Suite 1500
Chicago, IL 60602
(312) 219-6980
stacy@bardolawpc.com

Dated: New York, New York
       July 1, 2021

*s/Han Sheng Beh*
Han Sheng Beh

1042428\308487142.v1